MARCH 11,* }
1875. }    SPAULDING v. BARTLETT.

*Landlord and Tenant Act—Pleading.*

In an action, brought under General Statutes, ch. 231, sec. 23, to recover possession of land, the defendant pleaded before the justice that " the demanded premises were the estate and freehold of the defendant." Upon the entry of the action in court, the plaintiffs replied that the demanded premises were the estate and freehold of the plaintiffs, traversing the plea. The defendant rejoined, sustaining the plea. At the trial, neither party showed title or right of possession in the demanded premises. *Held,* that the defendant was entitled to judgment.

WRIT OF SUMMONS, to recover possession of a tract of land situate in Fitzwilliam. The writ is dated September 16, 1872, and was returnable before a justice of the peace for Cheshire county, September 25, 1872. Notice in writing to quit the demanded premises on September 11, 1872, was served on the defendant by the plaintiffs, September 2, 1872. On the return day of the writ, the defendant pleaded that " the demanded premises were the estate and freehold of the defendant." Proceedings before the justice were therefore stayed, and the defendant recognized with sureties to enter and prosecute said action in this court, &c. Upon the entry of the action in this court, the plaintiffs replied that the demanded premises were the estate and freehold of the plaintiffs, and traversed the allegation that they were the estate and freehold of the defendant; and the defendant rejoined that they were his estate and freehold, and issue was joined.

On Jan. 1, 1872, Seth N. Holman, Stephen H. Heywood, and Geo. W. Holman, partners under the firm of Holman, Heywood & Co., executed and delivered to the defendant their bond in the penal sum of $3,000, " to be paid unto the said Joshua R. Bartlett, his executors, administrators, or assigns." The condition was as follows: "The condition of this obligation is such, that, whereas the said Holman, Heywood & Co. have this day bargained and sold unto the said Joshua R. Bartlett, for the sum of $1,200, a certain lot or parcel of land situated," &c. (description not material), " and whereas it is agreed by the parties hereto that the said Joshua R. Bartlett, his executors and administrators, shall pay to the said Holman, Heywood & Co., their executors, administrators, or assigns, the sum of $1,200, as follows, viz.,—$700 on delivery of this bond; $100, and interest upon the whole sum at the rate of $7\frac{3}{10}$ per cent. per annum, on the first day of March, 1872; $150, and interest at the same rate as above on the whole sum, on the first day of September, 1872; $125, and interest as above on the whole sum, on the first day of

---

*At the March and August terms, the causes from the more distant counties were called, and the decisions announced, first.    REPORTER.

March, 1873 ; and $125, and interest as above on the whole sum unpaid, on the first day of September, 1873 ;—said Bartlett is to keep the buildings upon said premises fully insured against the hazard of fire for the benefit of the obligors, and pay all taxes assessed upon said premises. Now, therefore, if the said Holman, Heywood & Co., their heirs or assigns, shall deliver unto the said Joshua R. Bartlett, or to his legal representatives, a good and valid deed of said premises, free of all incumbrances made by them, the said Bartlett and his legal representatives making demand for the same, and fulfilling all the conditions herein stipulated, then this obligation to be void," &c.    On January 1, 1872, the defendant paid the obligors $700, which was indorsed upon said bond.    On February 10, 1872, the defendant, by his writing under seal, assigned to the plaintiffs said bond, " with full power to collect and discharge or dispose of the same in my name at their pleasure, at their own risk and expense ; and I do hereby covenant that said bond is justly due, and that I have not done and will not do any act by which the collection thereof may be hindered or prevented."    At the same time the plaintiffs gave to the defendant a receipt that they had received said bond, and the assignment of the same " as collateral security to indemnify us from all loss, cost, or damage for signing notes at the Keene National Bank, at Keene, N. H., and all other debts due us, either from Joshua R. Bartlett or Joshua R. Bartlett & Co. ; and when said notes of J. R. Bartlett & Co. and Joshua R. Bartlett, and all debts due us from said J. R. Bartlett & Co. and Joshua R. Bartlett, shall be paid and delivered unto us, we agree to deliver to said Joshua R. Bartlett said bond and assignment."    At the time this bond was assigned to the plaintiffs, they were holden as sureties for the defendant upon notes at the Keene National Bank, and the defendant was indebted to them upon account in the sum of $82.78.    March 1, 1872, the plaintiffs paid Holman, Heywood & Co. $106, which was indorsed upon the bond ; and August 30, 1872, they paid them $164.60, which was also indorsed upon the bond.    On April 2, 1872, the defendant gave the plaintiffs his note for $151, secured by a mortgage of personal property, in settlement of their book account against him to that date, which included the sum of $82.78, due February 10, 1872.    After the commencement of this action, the plaintiffs brought an action of trover against the defendant for the personal property mortgaged to them to secure the note for $151, and recovered judgment, and the execution which issued thereon was placed in the hands of an officer.    Said execution has never been satisfied, the officer holding in his hands a note given him by the defendant against some third person, and which has not been paid.    Between February 10 and June 18, 1872, the plaintiffs had paid three or more notes for the defendant at the bank, amounting in all to about $1,000, and which they had signed previous to February 10, 1872, and had had other dealings with him, which were then settled by receiving from him two notes,—one for $182.19, payable on demand, and the other for $200, payable in one year, and which they still hold. The note for $151 was not included in this settlement.    The plaintiffs

at the same time gave the defendant a receipt that they had received an inventory and bill of chair stock for $772.62, and said two notes dated June 18, 1872, " in full settlement of all accounts and demands to and including this date." From June 18, 1872, to the date of the writ, the plaintiffs paid no other notes for the defendant at the bank. The plaintiffs tendered to Holman, Heywood & Co. the amount of the instalments due upon said bond subsequent to September 1, 1872, which they refused to receive. At the time they made the payment of August 30, 1872, the plaintiffs notified Heywood that if Bartlett should offer to pay the instalments on the bond, they would receive the money and receipt to him for the same, but were not willing he should make the payments except through their hands. September 1, 1872, Heywood requested them to take back the money they had paid him August 30, 1872, and informed them that Bartlett was ready and desirous of paying the same. The defendant, September 1, 1872, tendered the obligors in the bond $164.60, the amount falling due that day ; and March 1, 1873, he paid them $134.12, the amount falling due at that date.

By agreement of parties this action was tried by the court, SMITH, J., who found that the note of April 2, 1872, for $151, was received in settlement, but not in payment of the sum of $82.78 due on account, February 10, 1872 ; also, that the notes of June 18, 1872, for $182.19 and $200, were received in settlement and not in payment of notes taken up by the plaintiffs at the bank. The defendant claimed that upon the foregoing facts this action could not be maintained, and asked the court to return a verdict for the defendant, which the court declined to do, but ruled *pro forma* that the action could be maintained, and returned a verdict for the plaintiffs, that the estate and freehold of the demanded premises was in the plaintiffs, and not in the defendant as alleged in his plea, and that the plaintiffs are entitled to the possession of the same and to recover damages, including compensation for the use and detention of the property assessed at the rate of $185 per annum from the date of the writ ; to which ruling and refusal the defendant excepted. The bond and all other papers mentioned in this case may be referred to in the argument. After the arguments of counsel upon the trial were closed, the defendant asked leave to withdraw his plea, and to plead instead that the soil and freehold of the demanded premises at the date of the writ was in Seth N. Holman, Stephen H. Heywood, and George W. Holman, the obligors in the bond, and that the defendant was in possession thereof under a license from them ; and the question whether said amendment should be allowed was reserved.

*Wheeler & Faulkner*, for the plaintiffs.

*L. W. Pierce* and *Webster*, for the defendant.

*LADD, J. This is an action brought under the provisions of sec. 23,

*SMITH, J., having tried this cause, did not sit.

ch. 231, Gen Stats., known as the landlord and tenant act, to recover possession of land.   It is undoubtedly to be governed by the general doctrines of the law applicable to real actions, among the most fundamental of which is, that the plaintiffs can recover only on the strength of their own title, not on the weakness of that of the defendant.   The plaintiffs' counsel in their brief claim that the defendant's plea, wherein he sets up title to the demanded premises in himself, is to be given the same effect as a plea of *liberum tenementum* in an action of trespass *quare clausum fregit ;* that is, that it admits the plaintiffs to be in possession, and raises only the question whether the close described was or was not the defendant's freehold.   I think this is quite fallacious. The action is brought for the sole purpose of obtaining possession ; and the whole burden of the plaintiffs' complaint is, that the defendant is wrongfully in possession and wrongfully holds them out.   It seems to me very clear that no such rule can be thus imported, and applied to pleadings in a real action.   Until the plaintiffs in some way showed a *jus possessionis* in themselves, the issue presented by the plea was an immaterial issue, and its determination against the defendant settled nothing one way or the other with respect to the right of the plaintiffs as set up in their writ.

The question then is, Did the bond carry with it the right of possession of the land ?   I think not.   It is true, as the plaintiffs say, that it contains a stipulation that Bartlett shall keep the buildings insured and pay the taxes.   But all that is consistent with the idea that he was to enter and occupy merely by license of the obligors; and it is not improbable that this was the legal relation in which the parties stood to each other.   Such a license, of course, would not be assignable. But however that may be, I am unable to find anything in the bond whereby it can be said that that instrument was sufficient to invest the obligor with seizin of the land, or any right of possession which he could convey by assignment of the bond or otherwise.   This being so, it follows that no evidence of right or title to support their cause was shown by the plaintiffs, and the defendant's motion for a verdict in his favor ought to have been allowed.

CUSHING, C. J., and FOSTER, C. J., C. C., concurred.

*Exceptions overruled.*